UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:06-cr-38-RLY-CMM-16 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEVIN SMITH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-cr-00038-RLY-CMM |
| | ) | |
| KEVIN SMITH, | ) -16 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Kevin Smith has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 268. Mr. Smith seeks immediate release from incarceration. Dkt. 300 at 1. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In January 2008, the Court sentenced Mr. Smith to 210 months' imprisonment and 4 years of supervised release after he pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine (mixture). Dkt. 278. On July 10, 2020, Mr. Smith filed a pro se motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 268. Appointed counsel filed a supporting memorandum on August 27, 2020. Dkt. 300. The United States responded, dkt. 301, and Mr. Smith replied, dkt. 302.  Thus, his motion is ripe for decision.

**II.   Discussion**

Mr. Smith is 52 years old. As of early September 2020, he was incarcerated at FCI Elkton in Lisbon, Ohio. *See* dkts. 301, 302. In his motion, Mr. Smith sought immediate release because

of conditions created by the COVID-19 pandemic. The parties agree that he contracted COVID-19 in June 2020 and that he recovered without having experienced any symptoms. *See* dkts. 300 at 1; dkt. 301 at 8; dkt. 301-1; dkt. 302 at 2 (not disputing that Mr. Smith's case of COVID-19 was asymptomatic). Nonetheless, Mr. Smith argued that he should be released because he has a medical condition (hypertension) that could put him at risk of developing severe symptoms if he contracts COVID-19 again. Dkts. 300, 302. He also argued that officials at FCI Elkton were unable or unwilling to take the necessary steps to protect the health and lives of inmates at the facility in the face of the COVID-19 pandemic. Dkt. 300.

The BOP website shows that Mr. Smith will have completed his sentence on February 20, 2021. The Bureau of Prisons ("BOP") website, however, currently shows that Mr. Smith has been released from incarceration.[1] Neither party has updated the Court since Mr. Smith's release from incarceration, so it is not clear whether he is housed in a residential reentry center or has been released to home confinement.

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[2] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and

---

[1] *See* https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited Nov. 2, 2020) (giving location as "RRM St. Louis" and release date as Feb. 20, 2021).

[2] The United States concedes that Mr. Smith has exhausted his administrative remedies. Dkt. 301 at 2.

3

       that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court

---

[3]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

must determine whether Mr. Smith is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." The Court has held that it has the discretion to determine what constitutes an "extraordinary and compelling reason" under the catchall provision. *United States v. Quintanilla*, No. 3:00-cr-25-RLY-MPB-1, dkt. 72 (S.D. Ind. July 9, 2020).

Mr. Smith does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. Mr. Smith's motion was premised on the risks he faced from COVID-19 while incarcerated at FCI Elkton. But he has now been released from incarceration. As a result, extraordinary and compelling reasons no longer support reducing his sentence.

Even if Mr. Smith had not been released from incarceration (or to the extent he still faces risk from COVID-19 because he may be housed at a residential reentry center), his motion must be denied. Mr. Smith contracted COVID-19 more than 4 months ago. He remained asymptomatic and has since recovered. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic). In addition, Mr. Smith's argument that he is likely to be infected with COVID-19 again and could experience severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Nov. 2, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has had an asymptomatic case of COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020).

In short, Mr. Smith has not shown an extraordinary and compelling reason warranting a sentence reduction. As a result, the Court need not decide whether he presents a danger to the community or whether the sentencing factors in § 3553 favor release.

### III.　Conclusion

For the reasons stated above, Mr. Smith's motion for compassionate release, dkt. [268], is **denied**.

**IT IS SO ORDERED.**

Date:　　11/06/2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel